# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ <br> ▓▓▓▓▓▓▓▓ <br> PUBLIC VERSION FILED <br> APRIL 1, 2022 <br><br> C.A. No. 21-691-MN |
| JAZZ PHARMACEUTICALS, INC., *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-MN |
| JAZZ PHARMACEUTICALS, INC., *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-MN |

**STIPULATION AND [PROPOSED] ORDER
REGARDING POTENTIAL PRELIMINARY INUNCTION MOTION**

WHEREAS, the above-captioned actions have been coordinated for scheduling purposes

(see D.I. Nos. 65, 72 in C.A. No. 21-691);

1

WHEREAS, counsel for Jazz and Avadel have conferred regarding the schedule for presenting Jazz's request for preliminary injunctive relief to the Court, if any, and to ensure that the Court has adequate time to consider and rule on any potential preliminary injunction motion, should such a need arise, the parties shall adhere to the following procedures; and

WHEREAS, with regard to its infringement claims, the Court previously limited Jazz to the assertion of a single patent claim in its request for preliminary injunctive relief, and with regard to invalidity, limited Avadel to the assertion of a single invalidity defense to Jazz's patent claim.

NOW, THEREFORE, IT IS HEREBY STIPULATED, by the parties, and subject to the Court's approval, that:

1. Within three (3) business days of receipt of notice from Avadel of the Food and Drug Administration's ("FDA") final approval of Avadel's New Drug Application ("NDA") along with the final, approved labeling for Avadel's NDA product, Jazz will provide the Court with a status report regarding whether preliminary injunction proceedings may be necessary at that time;

2. Within seven (7) days of providing notice to the Court in accordance with paragraph 1 above that preliminary injunction proceedings are necessary, Jazz shall file its motion for preliminary relief, supporting opening brief, and any supporting materials. In its motion, Jazz shall identify a single claim from one of the Patents-In-Suit on which it will move for preliminary injunctive relief;

3. Avadel shall file an answering brief in opposition to Jazz's motion for preliminary injunctive relief and any supporting materials twenty-eight (28) days after Jazz has

filed its motion and opening brief. In its opposition, Avadel may advance only one invalidity argument for the sole asserted claim;[1]

4. Jazz shall file a reply brief in support of its motion for preliminary injunctive relief twenty-one (21) days after Avadel has filed its opposition brief;

5. The parties shall coordinate to facilitate reasonable discovery (e.g., depositions of declarants) related to the motion for preliminary injunctive relief;

6. The parties shall contact the Court immediately upon the filing of a status report indicating that Jazz intends to seek a preliminary injunction to schedule the hearing approximately two weeks after the completion of briefing, or as soon thereafter as the Court's schedule will accommodate;

7. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

8. This Stipulation is entered into only for the purposes of case scheduling and to ensure an orderly procedure for preliminary injunction proceedings and is made without waiver of the parties' substantive rights with respect to all claims or defenses in these actions, including any remedies for same.

---

[1] For the avoidance of doubt, in addition to Avadel's invalidity argument, it is free to assert one or more non-infringement arguments.

Dated: March 25, 2022

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | McCARTER & ENGLISH, LLP |
|---|---|
| */s/ Jeremy A. Tigan* | */s/ Daniel M. Silver* |
| Jack B. Blumenfeld (#1014) | Daniel M. Silver (#4758) |
| Jeremy A. Tigan (#5239) | Alexandra M. Joyce (#6423) |
| 1201 North Market Street | Renaissance Centre |
| P.O. Box 1347 | 405 N. King Street, 8th Floor |
| Wilmington, DE 19899 | Wilmington, Delaware 19801 |
| (302) 658-9200 | (302) 984-6300 |
| jblumenfeld@morrisnichols.com | dsilver@mccarter.com |
| jtigan@morrisnichols.com | ajoyce@mccarter.com |

*Of Counsel:*  (left)

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Attorneys for Plaintiffs*

*Of Counsel*:  (right)

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Sarah Propst
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 637-1076
sarah.propst@lw.com

Herman Yue
Bornali Rashmi Borah
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com
Rashmi.Borah@lw.com

Yi Ning
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 470-2153
Sunnie.ning@lw.com

Daralyn J. Durie
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 365-6666
ddurie@durietangri.com

Kira A. Davis
Katherine E. McNutt
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
(213) 992-4499
kdavis@durietangri.com
kmcnutt@durietangri.com

*Attorneys for Defendant*

**SO ORDERED** this \_\_\_\_ day of _____, 2022.

_____
United States District Court Judge