IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


JAZZ PHARMACEUTICALS, INC.,      )  ███████
                                 )
          Plaintiff,             )
                                 ) C.A. No. 21-691(MN)
v.                               )
                                 )
AVADEL CNS PHARMACEUTICALS, LLC, )
                                 )
          Defendant.             )


            Wednesday, April 6, 2022
            10:00 a.m.
            Teleconference


            844 King Street
            Wilmington, Delaware


BEFORE:   THE HONORABLE MARYELLEN NOREIKA
          United States District Court Judge



APPEARANCES:


          MORRIS NICHOLS ARSHT & TUNNELL LLP
          BY:  SARAH SIMONETTI, ESQ.

          -and-

          QUINN EMANUEL URQUHART & SULLIVAN, LLP
          BY:  F. DOMINIC CERRITO, ESQ.
          BY:  GABRIEL P. BRIER, ESQ.


                    Counsel for the Plaintiff

1   APPEARANCES CONTINUED:

2

3              McCARTER & ENGLISH, LLP
              BY:  DANIEL M. SIVER, ESQ.

4              -and-

5              LATHAM & WATKINS, LLP
              BY:  KENNETH G. SCHULER, ESQ.

6              BY:  MARC N. ZUBICK, ESQ.

7                       Counsel for the Defendant

8

9                    _ _ _ _ _ _ _ _ _ _

10

11             THE COURT:  Good morning, counsel.  Who is

12   there, please?

13             MS. SIMONETTI:  Good morning, this is Sara

14   Simonetti from Morris Nichols for plaintiff.

15             THE COURT:  Do you have anyone on the line with

16   you?

17             MS. SIMONETTI:  I do.  I have Nic Cerrito and

18   Gabriel Brier from Quinn Emanuel.  And Mr. Cerrito will be

19   handling the discussion today.

20             THE COURT:  All right.  Thank you.

21             MR. SILVER:  Good morning, Your Honor.  It's Dan

22   Silver from McCarter & English on behalf of Avadel.  And I

23   am joined by Ken Schuler and Marc Zubick from Latham &

24   Watkins in Chicago.

25             THE COURT:  Anyone else on the line?  Okay.

1         So I got your stipulation and I think it's okay.

2 The problem I'm having is I don't have any time frame here,

3 so when you say, you know, Avadel agrees to extend the date,

4 that's great unless of course the preliminary injunction is

5 going to be filed on, you know, █████████ or █████████. So

6 what's the plan here?

7         MR. CERRITO:  Your Honor, this is Nick Cerrito

8 from Quinn Emanuel on behalf of the plaintiff.  I think that

9 this was put out at the ████████ our from the █████ time,

10 ████████████████████ That ████ ████ essentially

11 comprises the ████ ████ they have said publicly it will

12 take them to get out and set up their system.  So that ████

13 ████ is really a well meant ████ ████ if you will, so

14 ████ ████ from whenever they get approval is the earliest

15 they could launch regardless.  We don't see that as being

16 imminent, not sure why this was necessary, but I think

17 that's where the ████ █ date came from.

18         THE COURT:  All right.

19         MR. SCHULER:  Your Honor, this is Ken Schuler.

20 I think our intent --

21         THE COURT:  I'm sorry, could you hold on one

22 second?

23         MR. SCHULER:  Yes.

24         THE COURT:  All right.  Sorry.  Go ahead,

25 Mr. Schuler.  Apologies.

1          MR. SCHULER:  No problem, Your Honor.

2          So I believe that's addressed by the last

3    sentence of paragraph 7 which indicates that if the

4    circumstances warrant we will discuss and confer with Jazz

5    and/or the Court with regard to --

6          THE COURT:  Yeah, but that's not good enough,

7    saying that you'll talk to me about it, not that you agree

8    to it, that's not going to work for me.  That's my problem.

9    You're saying whether Avadel agrees to extend doesn't really

10   help me.

11         MR. SCHULER:  Well, you know, definitely, Your

12   Honor, I agree with Mr. Cerrito in the sense that there will

13   be a period of time after approval where my client will have

14   to roll out the restricted access program and enroll

15   physicians and other health care providers.  There will be

16   some period of time, I can't guarantee that it's exactly

17   ████  ████  but I know that there will be a  ████████

18   after approval where just as a matter of preparation and

19   enrolling health care providers, et cetera, so my point is

20   there will be some time, I just can't guarantee that it's

21   ████████████.  But we'll certainly work in good faith

22   to provide the Court with ample opportunity to evaluate a

23   motion should Jazz decide to file it.

24         THE COURT:  Okay.  That also is not terribly

25   helpful to me.  I get it, but I can't sign this as it's

1    written.   That's my problem.   So I don't know what to do.

2              Mr. Cerrito, you're the one who is bringing the

3    motion.   What do you want me to do?   I'm not going to sign

4    this because this could say that they file a motion

5    ██████████   and they say well tough, we're not getting off the

6    market, or we're not going to agree to get off the market

7    and force me to deal with something in ████████.   So I

8    can't do that.   And you're the ones who are going to be at

9    risk if they decide to launch, so what do you want me to do?

10             MR. CERRITO:   Quite frankly to be honest it was

11   Avadel that was pressing for this to begin with.   ████████

12   ██████████   and -- sorry, there is some feedback going on.

13   ████████████████.   We got a communication with the agency

14   provided by Avadel a couple of days ago, and I'll quote from

15   it.   "████████████████████████████████████

16   ████████████████████████████████████████████████

17   ████████████████████████████████████

18   ████████████████████████

19   ████████████████████████████████████████

20   ████████████████████████████████████████████

21   ████████████████████████████████████

22   ████████████████████████████████████████

23   ████████████"

24             That is among other reasons why we never -- we

25   didn't understand what this was all about.   I could

1   certainly speculate, including the fact that they had an

2   investor call a couple of days after this went to the Court

3   and talked about it, and they wanted to tell their investor

4   it's something on the schedule, ███████████████████████

5   ████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████

7   ███████████████████████████████████████████████

8              As far as this document, that's not additive,

9   Your Honor.

10             THE COURT:  All right.  Mr. Schuler, it doesn't

11  seem like plaintiff cares, so why -- I mean, I don't know

12  quite what to do.  All I can tell you is if you guys get

13  approval and you decide that you want to launch within ████

14  ████████  or so, there is going to be an issue if I don't have

15  time to file or a PI when I can have had notice of this.  So

16  I don't know quite what to do here.

17             MR. SCHULER:  I certainly appreciate that, Your

18  Honor.  What I guess I'm hearing from counsel for Jazz is

19  that they don't believe there is a reason to plan for

20  orderly proceedings.  I think that from our perspective and

21  based on your prior communications with us with regard to

22  the possibility of a PI when the date was coming up that

23  from all perspectives it would be better to have it as an

24  orderly process rather than as an emergency process.

25             So I guess what I would say is I don't want to

1   hear after approval that there is somehow an emergency

2   ████████████████████████████████████████████████████

3   ███████████████████████████████████████       I guess

4   that leaves the ball in Jazz's court.

5             I will ask Your Honor to seal the transcript, by

6   the way.  Mr. Cerrito was quoting from a document that's

7   highly confidential from my client's perspective.

8             MR. CERRITO:  I apologize.  I certainly agree

9   with that.  And I apologize for not saying that.

10            THE COURT:  I will allow you to seal it, but you

11  need to get together and redact out the confidential parts

12  so the rest of it is not sealed.

13            So this is what we're going to do.  I am not

14  going to order this stipulation because I am not entirely

15  convinced that it's necessary.  Jazz, if you want to file a

16  PI when you hear, you better do it really fast, like before

17  a week is up.  The briefing, absent agreement here, the

18  briefing is going to be on the normal schedule for briefing,

19  so fourteen days and seven days.  And then I'll take a look

20  at the papers.  And Avadel, you know, either I'll decide the

21  motion or if I can't decide the motion in time, I'll come

22  and talk to you and then I guess if I can't decide it in

23  time, you guys can make your own strategic decisions.  But I

24  think that's where we're just going to have to leave it.

25            Anything further that you guys want to add to

1    that?

2              MR. CERRITO:  Not from plaintiff, Your Honor.

3              MR. SCHULER:  Not from Avadel, Your Honor.

4              THE COURT:  All right.  Thanks everyone.  Enjoy

5    the rest of the week.

6              (Teleconference concluded at 10:11 a.m.)

7

8              I hereby certify the foregoing is a true and
     accurate transcript from my stenographic notes in the proceeding.

9

10                          /s/ Dale C. Hawkins
                            Official Court Reporter
11                            U.S. District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25